In re TINSLEY & GROOM, a
partnership, et al., Debtors.

The EQUITABLE LIFE ASSURANCE
SOCIETY OF the UNITED
STATES, Plaintiff,

v.

TINSLEY & GROOM, a partnership,
et al., Defendants.

Bankruptcy Nos. 1–83–00015(B), 5–83–
00079(B) and 5–83–00080(B).

United States Bankruptcy Court,
W.D. Kentucky.

March 14, 1984.

John W. Ames, Handmaker, Weber, Meyer & Rose, Louisville, Ky., for debtor.

Stewart E. Bland, Barnett & Alagia, Louisville, Ky., for West Kentucky Production Credit Ass'n.

Logan B. Askew, White & White, Hopkinsville, Ky., for plaintiff Equitable Life Assurance Society of the United States.

---

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on motion of Equitable Life Assurance Society of the United States to lift the stay on the final remaining parcel of land and the improvements thereon now comprising the estate of the debtors. A hearing was held on February 15, 1984, at which time the movant appeared by counsel and presented documentary evidence and testimony concerning the valuation of the property as well as the status of the loan, as did the debtors by counsel in opposition to the motion, likewise presenting documentary evidence and testimony on the issues.

It is uncontroverted that the moving creditor is the holder of a first mortgage on the property in question; that on February 15, 1984 the balance due on the account representing principal and interest is the sum of $638,458.45, accruing daily interest at the rate of 13.5%, or $239.55 per day.

The property in question comprises 263.5 acres known as the "homeplace" of the debtors located in Christian County, Kentucky. The creditor alleges that pursuant to 11 U.S.C. § 362, it is entitled to have the stay lifted for purposes of enforcement of its remedies in that there is no equity over and above the sum due and owing, and that while the retention of this realty may be necessary for reorganizational purposes, the creditor is not adequately protected by the continued retention of the property by the debtors.

A hearing was held relative to establishing the value of the property for purposes of determining whether there exists equity, the burden pursuant to 11 U.S.C. § 362(g) being upon the movant and the debtors bearing the burden of proof on all other issues presented. It is uncontroverted that the last payment made on this account was in May of 1982. The creditor's secured position arose in October of 1980, at which time a one-million-dollar loan was granted to the debtors, the creditor assuming a first mortgage position on approximately 851 acres of property then owned by the debtors.

On November 30, 1983, by agreed order, four of the five tracts of land comprising the total 851 acres was sold by auction in partial satisfaction of the creditor's debt, the tract here in question being the sole remaining parcel of land and the sum of $638,458.45 being the balance due on the

debt after proper credit of the sale proceeds from the four tracts sold at auction.

By testimony of the expert offered by the creditor, a value of $515,000.00 was placed on the property, and a copy of the detailed appraisal is filed of record marked Movant's Exhibit # 1. By way of rebuttal, the debtors offered testimony from their expert appraiser reflecting, in his opinion, a fair market value of $600,000.00 for the property in question. Both experts attest to a history of depressed market values for similar tracts in the area where the subject property is located, and they further testified that in their opinion said depressed condition, based on recent sales in the area, is stabilizing. The debtors' expert who conducted the auction sale of the four tracts held on November 30, 1983, and which sale produced substantially less at auction than the appraised valuations prior thereto, expressed his belief that in the seventy-seven (77) days since the auction attitudes as to farm values were improving and that in his opinion farm valuations had increased approximately 2%–3% since November 30, 1983, attributing the upcoming Presidential election, the impact of PIK proceeds, and a hoped-for crop yield in the coming season as factors renewing buyers' confidence.

Based on the testimony presented as well as the documentary evidence submitted for consideration by the Court on the question of real estate valuation of this tract, it is the opinion of the Court that while intangible expectancies such as a resurged economy and the impact of presidential elections may have some minuscule impact on farm values, such statements standing alone without some proven reflection in farm sales is speculation at best and lacking in probative value.

The appraisal submitted by the moving creditor is an indepth analysis of the condition of the tract in question as well as a reflection of comparable sales in the immediate area, and based on the weight of the testimony and documentation presented as well as the opportunity by the Court to observe the demeanor of the witnesses, it is the opinion of the Court that the fair and reasonable market value of the property in question is the sum of $515,000.00, and further that no equity exists in said property. Accordingly, it is the opinion of the Court that the movant has sustained its burden of proof pursuant to 11 U.S.C. § 362(g).

Neither party hereto seriously contests that the retention of the parcel in question is essential to an effective reorganization pursuant to 11 U.S.C. § 362(g). Therefore, it becomes the burden of the debtors to show that the retention of this real estate is not only essential to reorganization but that the creditor will be adequately protected by maintaining the status quo by the parties, adequate protection being necessary to meet the criteria of 11 U.S.C. § 361.

A historical review of this loan indicates that the last payment made on the account was May of 1982, that but for the receipt of the proceeds of the auction held on November 30, 1983, the debtors have been unable to make further reductions in the principal sum due or in the interest accruing. No offer of adequate protection was forthcoming at the hearing, and accordingly, it is the opinion of the Court that the debtor has failed in its burden to offer adequate protection as required by 11 U.S.C. § 361, thereby justifying the retention of the stay provisions pending a hoped-for plan of reorganization.

This memorandum opinion constitutes findings of fact and conclusions of law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 13th day of March, 1984.

Accordingly, for the reasons above denoted, it is the opinion of the Court that the movant has sustained its burden of proof to show entitlement of the relief requested, and the automatic stay be and is terminated on the real property.

A copy of this order is mailed to John W. Ames, counsel for debtors; to Logan Askew, counsel for Equitable Life Assurance Society of the United States; and to Stewart E. Bland, counsel for West Kentucky Production Credit Association.